-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

___

KEITH COLORADO MCKEIVER,

        Petitioner,

        -v-

DAVID V. COLE, Sheriff,

        Respondent.

**DECISION and ORDER**
15-CV-0796A

___

Petitioner, Keith Colorado McKeiver, who is incarcerated at the Steuben County Jail, has filed the instant petition for a writ of habeas corpus on a court form utilized for filing petitions under 28 U.S.C. § 2241,[1] challenging his current custody based on what he claims was an improper calculation of his sentence on a March 2007 conviction in Steuben County. (Docket No. 1, Petition.)

The filing fee for a petition for writ of habeas corpus is $5.00. Whenever a prisoner submits a petition for writ of habeas he must either (1) pay the filing fee or (2) submit a motion to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a).

Petitioner did not prepay the $5.00 filing fee nor did he submit a motion to proceed *in forma pauperis*.

---

[1] The appropriate vehicle for challenging the execution of a state court sentences is 28 U.S.C. § 2254, not 28 U.S.C. § 2241, see *Cook v. New York State Division of Parole*, 321 F.3d 274, 278 (2d Cir. 2003) ("A state prisoner . . . not only may, but according to the terms of §§ 2254 must, bring a challenge to the execution of his or her sentence . . . under §§ 2254. A petition under §§ 2241 is . . . unavailable to [petitioner]."); see also *Robinson v. Atkinson*, 2004 WL 1798129 (S.D.N.Y., Aug. 5, 2004) ("[Petitioner contests an aspect of the execution of his continuing custody pursuant to a state court conviction. Such a challenge should be brought under Section 2254, rather than Section 2241.").

Accordingly, in the event petitioner, as set forth below, pays the filing fee or files a motion to proceed *in forma pauperis* and this matter is re-opened, the Court will issue an Order providing petitioner notice of its intention to recharacterize the petition to one under § 2254 and the opportunity to withdraw the petition if he does not wish it to be so recharcterized. See *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998).

## CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate the Petition without prejudice. Petitioner will be granted leave to move to re-open no later than **November 5, 2015**, by either (1) prepaying the filing fee ($5.00) or (2) submitting a motion to proceed in forma pauperis.[2]

## ORDER

IT IS HEREBY ORDERED that the Clerk of the Court is directed to administratively terminate this action without prejudice without filing the petition or assessing a filing fee;

FURTHER, that the Clerk of the Court is directed to send to petitioner a form motion to proceed in forma pauperis;

FURTHER, that if petitioner wishes to re-open this action, he shall so notify the Court, in writing, no later than **November 5, 2015**; petitioner's writing shall include either (1) a motion to proceed in forma pauperis, or (2) the $5.00 filing fee;

FURTHER, that upon the petitioner's submission of either (1) a motion to proceed in forma pauperis, or (2) the $5.00 filing fee, the Clerk of the Court shall re-open this case.

SO ORDERED

Dated: \_\_\_\_\_10/04\_\_\_\_, 2015
Buffalo, New York

WILLIAM M. SKRETNY
Senior United States District Judge

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of this Order, it is not subject to the statute of limitations time bar if it was originally filed timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).